IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CASE NUMBER:

| | |
|---|---|
| Selective Way Insurance Company,<br><br>                                  Plaintiff,<br><br>v.<br><br>Dewberry Capital Corporation, Mt. Pleasant Square Associates, II, LLC d/b/a Oyster Park Apartments, GREP Southeast, LLC, Karolina Richardson, and Krista Richardson,<br><br>                                 Defendants. | Case No:.2:21−cv−03963-BHH<br><br>**COMPLAINT**<br>**(Declaratory Judgment)**<br>**(Non-Jury)** |

The Plaintiff seeks declaratory relief to determine the rights of the parties. Plaintiff, Selective Way Insurance Company ("Selective"), complaining of the Defendants above-captioned, would respectfully allege and show as follows:

## JURISDICTION

1. Selective is corporation organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey; Selective is authorized to transact business and write insurance policies in the State of South Carolina.

2. Upon information and belief, Defendant Dewberry Capital Corporation (hereinafter "Dewberry") is a corporation organized and existing under the laws of the State of Georgia with its principal place of business in Georgia.

3. Upon information and belief, Defendant Mt. Pleasant Square Associates, II, LLC d/b/a Oyster Park Apartments (hereinafter "Oyster Park") is a limited liability company organized and existing under the laws of the State of Georgia with its principal place of business in Georgia.

1

4. Upon information and belief, Defendant GREP Southeast, LLC (hereinafter "GREP") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in South Carolina.

5. Upon information and belief, Karolina Richardson is a citizen and resident of Charleston County, South Carolina.

6. Upon information and belief, Krista Richardson is a citizen and resident of Charleston County, South Carolina.

7. This action is brought under the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and Rule 57, Fed. R. Civ. P.; there is a real and justiciable controversy between the parties, and by these proceedings Selective asks this Court to inquire into and declare the rights and obligations of the parties hereto arising out of the facts set forth below.

8. The amount in controversy exceeds Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interests and costs, and there is complete diversity of citizenship; therefore, this Court has jurisdiction to hear this matter under 28 U.S.C. §1332(a)(1).

9. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District, or a substantial part of property that is the subject of the action is situated in this District.

**FACTUAL ALLEGATIONS**

10. Selective issued commercial policy number 2255080 (hereinafter "the Policy") to Dewberry. The Policy was effective from March 1, 2017 to March 1, 2018. The Policy contains commercial general liability (CGL) coverage. A copy of the Policy is attached as Exhibit A.

11. The Policy insured Dewberry and others qualifying as insureds for certain risks under the insuring agreements, and excluded certain risks through policy exclusions. Plaintiff

craves reference to the Policy for all of the terms, conditions, and provisions therein and incorporates them by reference herein.

12. The Policy provides liability coverage for claims for damages because of, among other things, "bodily injury" and "property damage" caused by an "occurrence," as those terms are defined by the Policy. The Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The Policy defines "property damage" as "[p]hysical injury to tangible property," including loss of use. "Bodily injury" is defined to mean bodily injury, sickness, or disease sustained by a person.

13. The Policy only covers "bodily injury" or "property damage" that occurred during the policy period.

14. The Policy excludes coverage for claims for "bodily injury" and/or "property damage" expected or intended from the standpoint of the insured.

15. By endorsement, the Policy excludes coverage for "bodily injury" arising out of a "fungi or bacteria incident." The endorsement defines "fungi or bacteria incident" to mean:

> [A]n incident which would not have occurred, in whole or in part, but for the actual [or] alleged exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such damage.

"Fungi" is defined to mean "any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi."

16. The endorsement subjects claims for "property damage" due to a "fungi or bacteria incident" to an aggregate sublimit (the "Fungi And Bacteria Property Damage Aggregate Limit") in the amount of $50,000.

17. Upon information and belief, Defendants Karolina Richardson, and Krista Richardson filed an action against Dewberry, Oyster Park, and GREP (hereinafter collectively,

"the Oyster Park defendants") in state court in South Carolina styled as follows: <u>Karolina Richardson and Krista Richardson v. Mt. Pleasant Square Associates, II, LLC</u>, *et al.*, Civil Action number 2018-CP-10-03286 (hereinafter "the Underlying Lawsuit"). A copy of the Complaint is attached as Exhibit B.

18. In the Underlying Lawsuit, the Richardson plaintiffs alleged they were exposed to mold while renting a unit at the Oyster Park Apartments in Mount Pleasant. The Richardson plaintiffs allegedly occupied the apartment during a period from May 17, 2017 to September 2017.

19. As alleged, Dewberry constructed and/or developed the Oyster Park Apartments.

20. Oyster Park is alleged to be the current owner of the Oyster Park Apartments.

21. Upon information and belief, GREP is the property manager of the Oyster Park Apartments.

22. The Complaint in the Underlying Lawsuit asserts a cause of action for negligence *per se* based upon violation of the South Carolina Residential Landlord-Tenant Act. As alleged, the Oyster Park defendants knew or should have known of the mold contamination and the need for mold remediation, yet represented to the Richardson plaintiffs that the apartment was safe for habitation.

23. The Richardson plaintiffs alleged that as a result of the exposure they contracted toxic mold disease and required medical treatment.

24. The Richardson plaintiffs also claimed loss of personal property and economic losses due to the presence of mold in the apartment.

25. The Complaint asserts a cause of action for negligent misrepresentation based upon alleged failure to disclose mold contamination in the apartment.

26.   The Richardson plaintiffs alleged in their fraud and unfair trade practices causes of action that the Oyster Park defendants willfully and deliberately withheld their knowledge of the unremediated mold contamination.

27.   Civil conspiracy is also pled based upon alleged concealment of water intrusion due to flooding and leaks that caused the mold growth.

28.   The Richardson plaintiffs seek actual, treble, and punitive damages, plus attorney's fees and costs based upon the above-referenced allegations.

29.   Selective is defending Dewberry, Oyster Park, and GREP in the Underlying Lawsuit under reservation of rights.

## FOR A FIRST DECLARATION

30.   Selective repeats, re-alleges, and incorporates paragraphs 1 through 29 as if fully set forth herein verbatim.

31.   Liability for any alleged "bodily injury" caused by mold is excluded.

32.   The Richardson plaintiffs' claims seek damages for mold-related bodily injuries.

33.   The Richardson plaintiffs' claims for damages because of mold-related bodily injury are excluded.

34.   Selective requests a declaration that the above-referenced Policy does not provide coverage for the Richardson plaintiffs' claims for damages because of bodily injury.

## FOR A SECOND DECLARATION

35.   Selective repeats, re-alleges, and incorporates paragraphs 1 through 34 as if fully set forth herein verbatim.

36.   Liability for any alleged "property damage" caused by mold is subject to an aggregate sublimit in the amount of $50,000.

37. Selective is entitled to a declaration that the maximum amount of coverage for any mold-related "property damage" is $50,000.

### FOR A THIRD DECLARATION

38. Selective repeats, re-alleges, and incorporates paragraphs 1 through 37 as if fully set forth herein verbatim.

39. The Policy covers claims for "bodily injury" and "property damage" only if caused by an "occurrence," which is defined as an accident.

40. The Underlying Lawsuit contains allegations of intentional, deliberate, and willful misconduct by the Oyster Park defendants.

41. Certain causes of action in the Underlying Lawsuit, including fraud, unfair trade practices, and civil conspiracy, are based upon intentional misconduct.

42. Harm caused by intentional misconduct is inconsistent with the Policy requirement that any claimed "bodily injury" or "property damage" must be caused by an "occurrence."

43. Selective is entitled to a declaration that coverage for any damages awarded based upon intentional, deliberate, and willful misconduct in the Underlying Lawsuit are not covered.

### FOR A FOURTH DECLARATION

44. Selective repeats, re-alleges, and incorporates paragraphs 1 through 43 as if fully set forth herein verbatim.

45. The Policy excludes coverage for claims for "bodily injury" or "property damage" expected or intended by the insured.

46. Some or all of the allegations and claims in the Underlying Lawsuit seek recovery for intentional, deliberate, and willful misconduct.

47. Selective is entitled to a declaration that coverage any damages awarded based upon intentional, deliberate, and willful misconduct in the Underlying Lawsuit are excluded.

Accordingly, Selective requests that this honorable Court inquire into these matters and declare that:

(a) any damages awarded in the Underlying Lawsuit for "bodily injury" are excluded;

(b) any damages awarded in the Underlying Lawsuit for intentional, knowing, or willful misconduct are not covered; and

(c) the limit of coverage available for "property damage" under the Policy is $50,000;

together with Selective's costs and disbursements incurred and such other and further relief as the court may deem just and proper.

Respectfully submitted,

MURPHY & GRANTLAND, P.A.

*s. Timothy J. Newton*
J. R. Murphy, Esquire (Fed. I.D. #3119)
Timothy J. Newton, Esquire (Fed. I.D. #9807)
Wesley B. Sawyer, Esquire (Fed. I.D. #11244)
Post Office Box 6648
Columbia, South Carolina 29260
(803) 782-4100
Attorneys for Plaintiff

Columbia, South Carolina
December 7, 2021